1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID ANTHONY FALLON,

11              Plaintiff,                CIV. S-06-1156 LKK GGH PS
          vs.                            CIV. S-06-1489 GEB GGH PS
12                                       CIV. S-06-1512 MCE GGH PS
                                         CIV. S-06-1663 DFL GGH PS
13                                       CIV. S-06-1694 LKK GGH PS
                                         CIV. S-06-1708 DFL GGH PS
14                                       CIV. S-06-1746 MCE GGH PS
                                         CIV. S-06-1900 LKK GGH PS
15                                       CIV. S-06-1975 FCD GGH PS

16

17   UNITED STATES GOVERNMENT,

18              Defendant.               ORDER AND
     _____/    FINDINGS AND RECOMMENDATIONS

19

20              Plaintiff, proceeding in these actions pro se, has requested leave to proceed in

21   forma pauperis pursuant to 28 U.S.C. § 1915.  These proceedings were referred to this court by

22   Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).  While the proceedings have not been

23   related or consolidated under the Local Rules, in the interest of judicial economy, the

24   undersigned issues this Order and Findings and Recommendations in each of the above-listed

25   actions.

26   \\\\\

1

1    For each of the above listed actions, plaintiff has submitted an affidavit making

2    the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the requests to proceed in forma

3    pauperis will be granted.

4    Plaintiff's mostly handwritten complaints in these actions vary from one to three

5    pages in length, excluding exhibits.  Each of the complaints names the same defendant, "United

6    States Government," is at least partially illegible and for the most part is unintelligible.  In sum,

7    the complaint in No. CIV.S-06-1156 LKK GGH PS refers to vehicles in Kaiser Hospital's

8    parking lot in San Mateo, and seeks no damages; the complaint in No. CIV.S-06-1489 GEB

9    GGH PS sues the United States Government for alleged refusal of medical treatment by Kaiser

10   Hospital in South San Francisco to certain persons, implicates the South San Francisco Police

11   Department in some way, and prays for $5 trillion; the complaint in No. CIV.S-06-1512 MCE

12   GGH PS discusses plaintiff's mother, refers to "killers of family members," and seeks one

13   hundred million dollars; the complaint in No. CIV.S-06-1663 DFL GGH PS states only that there

14   is a question of Medi-Cal or Medi-Care insurance plans paying cash when prescribed by a doctor,

15   and seeks one trillion dollars; the complaint in No. CIV.S.-06-1694 LKK GGH PS states that the

16   county courthouse in Redwood City is haunted, possessed and barren of living human nature, and

17   seeks one hundred trillion dollars; the complaint in CIV.S.-06-1708 DFL GGH PS states that

18   plaintiff's mother went into a drug store after plaintiff filed for compensation in superior court, a

19   mention of embezzlement and plaintiff's mother's refusal to testify, and her comment to plaintiff

20   that he needs help; the complaint in CIV.S.-06-1746 MCE GGH PS discusses plaintiff's mother

21   and how her other son is accused by plaintiff of killings of whole families, including plaintiff's

22   family, although he was not suspected by authorities; however, plaintiff suspects his mother of

23   conspiracy; the complaint in CIV.S.-06-1900 LKK GGH PS suggests that defendant's land in

24   Southern Nevada could be used as a government owned underground freezer cemetery for use by

25   citizens, and seeks no damages; and, finally, the complaint in No. CIV.S-06-1975 FCD GGH PS

26   asserts that a California Highway Patrol officer pulled onto the freeway, went across four lanes of

2

1  traffic to slow it down, then pulled over to the side of the freeway, that plaintiff thought the

2  officer had pulled him over and arrested him, that the San Mateo County Department of Animal

3  Control pulled up, and that the CHP officer stated plaintiff was found guilty of treason and

4  should be put to death.  The complaint seeks five hundred trillion dollars in relief.

5          A federal court is a court of limited jurisdiction, and may adjudicate only those

6  cases authorized by the Constitution and by Congress.  See Kokkonen v. Guardian Life Ins. Co,

7  511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).  U.S. Const. Art. III, § 1 provides that the

8  judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts

9  as the Congress may from time to time ordain and establish."  Congress therefore confers

10  jurisdiction  upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt

11  v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Lack of subject matter

12  jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v.

13  Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

14          The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

15  question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

16  matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

17  Wagstaffe, Federal Civil Procedure Before Trial § 2:5.

18          "The presumption is that a federal court lacks jurisdiction in a particular case until

19  it has been demonstrated that jurisdiction over the subject matter exists."  13 Charles A. Wright,

20  Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3522 at 62 (1984).

21  Plaintiff bears the burden of proof for establishing jurisdiction.  See, e.g., Sopcak v. Northern

22  Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.

23  & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979)  Unless a complaint presents a plausible

24  assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

25  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

26  to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

1   Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974); Apple v. Glenn, 183 F.3d 477,

2   479 (6th Cir.1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of

3   subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

4   when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous,

5   devoid of merit, or no longer open to discussion.")

6           A less stringent examination is afforded pro se pleadings, Haines v. Kerner, 404

7   U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972), but simple reference to federal law

8   does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th

9   Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action that is within

10  the court's original jurisdiction.  Id.

11          These mostly incomprehensible and illegible complaints present no basis

12  whatsoever for federal question jurisdiction.  Therefore, the undersigned will recommend that

13  these actions be dismissed with prejudice for lack of subject matter jurisdiction.  Based on

14  plaintiff's history of filing obviously frivolous actions, granting leave to amend would be futile.[1]

15  CONCLUSION

16          Accordingly, IT IS ORDERED that:

17          1.  Plaintiff's requests for leave to proceed in forma pauperis in the above-listed

18  actions are granted;

19          2.  The Clerk of the Court is directed to file and serve this Order and Findings and

20  Recommendations in each of the above-listed actions.

21          IT IS RECOMMENDED that these matters be dismissed for lack of subject

22  matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

23  \\\\\

24

25          [1]  For a summary of all actions filed by plaintiff in the last two years, see Findings and
    Recommendations, filed September 29, 2006, in Civ.S. 06-1227 FCD GGH PS, recommending
26  that plaintiff be declared a vexatious litigant.

4

1    These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

3 (10) days after being served with these findings and recommendations, any party may file written

4 objections with the court and serve a copy on all parties.  Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6 shall be served and filed within ten (10) days after service of the objections.  The parties are

7 advised that failure to file objections within the specified time may waive the right to appeal the

8 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: 10/17/06

                /s/ Gregory G. Hollows

10

                _____

11               GREGORY G. HOLLOWS
                U. S. MAGISTRATE JUDGE

 GGH:076

12 Fallonvarious.dis.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26